## No. 6

### KIDD v. LEVISON

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1470.  Decided Oct. 20, 1926

(Judges Pardee, Washburn and Funk, 9th Dist., sitting.)

683.  JURY—Where question arises as to whether or not defendant in malicious prosecution action revealed all the facts in reference to drawing of check, to prosecuting attorney and other attorneys, and signed an affidavit charging plaintiff with the offense under 710-176 GC., upon such attorney's advice, the question is to be submitted to the jury for determination.

PARDEE, P. J.

Edward Levison brought this action originally in the Franklin Common Pleas against Robert Kidd seeking damages for an alleged malicious prosecution.  Levison claimed that Kidd falsely, maliciously, and without reasonable or probable cause, charged him with having knowingly and maliciously drawn a check on a bank for $100 payable to said Kidd, well knowing that he had insufficient funds or credit with said bank to pay same, that this action signified his intent to defraud said Kidd; that he was arrested and imprisoned; and that he was caused to be indicted by the grand jury.

Levison further claimed that the prosecution terminated in his favor; but the fact that he was arrested was published in a daily newspaper so that his credit in business was materially impaired and he was greatly injured in his standing and reputation.

Kidd denied that he falsely and maliciously and without probable cause charged Levison with the crime alleged and caused him to be indicted by the Grand Jury.  He claimed that he signed the affidavit charging Levison with having committed the offense of knowingly and falsely drawing and issuing said check only upon the advice of the prosecuting attorney.  Kidd further claimed that the elements of want of probable cause and malice are not shown sufficiently to sustain an action for malicious prosecution.

The jury returned a verdict for Levison in the sum of $3500 and Kidd prosecuted error to reverse the judgment entered on said verdict.  The Court of Appeals held:

1.  The burden of proof in an action for malicious prosecution is upon the plaintiff to prove, in addition to other elements, (1) a former prosecution; (2) termination of same; (3) an acquittal or discharge; (4) want of probable cause; (5) malice.

2.  It seems that in the course of dealing between Kidd and Levison, the latter paid Kidd through the medium of post dated checks in the amount of $100 per month from January 1924 until the time of his arrest in August 1924.

3.  The question of whether Kidd had probable cause and acted without malice is on of fact which should have been and was submitted to the jury for its determination.

4.  Kidd claims that he acted upon the advice of the prosecuting attorney of Muskingum County and upon advice of attorneys in Columbus after having fully revealed all the facts in reference to the giving and accepting of the check and that therefore the jury ought to have returned a verdict in his behalf.  Levison denied that all the facts and circumstances had been revealed.

5.  Whether or not Kidd revealed all the facts connected with the transaction is a question of fact to be determined by the jury.

6.  There are no errors which prevented plaintiff in error from having a fair and impartial trial.

Judgment therefore affirmed.

(Washburn and Funk, JJ., concur.)

Attorneys—Griffith and Griffith for Kidd; Wilson & Rector and Estabrook, Finn and McKee for Levison; all of Columbus.